PER CURIAM.
Appellant appeals the denial of his petition for service credit in the Florida Retirement System. The Florida Retirement System, created by the Florida Legislature and codified in Chapter 121, Florida Statutes, provides retirement benefits for specified employees. Eligible employers participate in the Florida Retirement System by making contributions for the benefit of its employees at a rate established by law. Section 121.021(10) and Section 121.071, Florida Statutes (2001)[1]. Service credit under the Florida Retirement System is awarded to Florida Retirement System member employees for any month of creditable service as provided for in section 121.021(17)(a), Florida Statutes (2001), in pertinent part, as “the sum of all his or her past service, prior service, military service, out-of-state or non-FRS in-state service, workers’ compensation credit, leave-of-absence credit and future service allowed within the provisions of this chapter if all required contributions have been paid and all other requirements of this chapter have been met.”
From July 1, 1977 to June 4, 1981, Appellant was employed by The Florida Bar. Because it is undisputed that The Florida Bar does not participate in, or pay contributions to, the Florida Retirement System for the benefit of its employees, Appellant’s period of employment with The Florida Bar does not constitute creditable service in the Florida Retirement System pursuant to section 121.021(17)(a), Florida Statutes (2001). Therefore, Appellant is not entitled to retirement credit pursuant to section 121.021(17)(b), Florida Statutes (2001).
AFFIRMED.
BARFIELD, MINER and POLSTON, JJ., concur.

. The statutes at issue have remained, in pertinent part, virtually unchanged since 1977 when Appellant began his employment at The Florida Bar:'